UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No: 1:21-CR-10048

SAMUEL POWELL,,

    Defendant.

## ORDER SETTING CONDITIONS OF RELEASE

### Statutory Conditions of Release

IT IS ORDERED that the defendant's release is subject to these conditions:

**(1)** The defendant must not violate federal, state, or local law while on release.
**(2)** The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.
**(3)** The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.
**(4)** The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.
**(5)** The defendant must sign an Appearance Bond.

## Additional Conditions of Release

IT IS FURTHER ORDERED that the defendant's release is subject to the additional conditions marked below:

☒ **(6)** The defendant in placed in the custody of CARLOS TERRELL, who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

s/Tyrone C. Terrell Jr.

Signed: _____ Date: Jan 26, 22
Custodian

☒ **(7)** The defendant must:
    ☒ **(a)** submit to supervision by and report for supervision to the U.S. Probation Office for the Central District of Illinois as directed by the supervising officer.
    ☒ **(b)** continue or actively seek employment.
    ☐ **(c)** continue or start an education program.
    ☐ **(d)** surrender any passport to the U.S. Clerk's Office for the Central District of Illinois or as directed.
    ☐ **(e)** not obtain a passport or other international travel document.
    ☐ **(f)** abide by the following restrictions on personal association, residence, or travel:
        ☐ **(i)** reside at the residence of the third-party custodian.
        ☐ **(ii)** not travel outside the geographical boundaries of the judicial district for the Central District of Illinois without prior permission from the Court.
        ☐ **(iii)** Click or tap here to enter text..
    ☐ **(g)** avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: Click or tap here to enter text..
    ☐ **(h)** get medical or psychiatric treatment Click or tap here to enter text..
    ☐ **(i)** return to custody each Click or tap here to enter text. at Click or tap here to enter text. o'clock after being released at Click or tap here to enter text. o'clock for employment, schooling, or the following purposes: Click or tap here to enter text..
    ☐ **(j)** maintain residence at a halfway house or community corrections center.
    ☐ **(k)** not possess a firearm, destructive device, or other weapon.
    ☐ **(l)** not use alcohol (☐) at all (☐), excessively as defined as having a blood alcohol level in excess of 0.08.
    ☐ **(m)** not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner where the defendant provides the supervising officer in advance with the following information: (i) the drug and dosage prescribed and (ii) the prescribing medical professional.
    ☐ **(n)** submit to testing for a prohibited substance. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited

substance screening or testing.

☐ **(o)** participate in a program of (☐) inpatient and/or (☐) outpatient substance abuse therapy and counseling.

☐ **(i)** reside at the inpatient substance abuse facility and not leave that facility without the permission of the Court.

☐ **(ii)** abide by all the rules, policies, and procedures of the inpatient substance abuse facility.

☐ **(iii)** successfully complete the inpatient substance abuse treatment.

☐ **(iv)** voluntarily surrender into the custody of the U.S. Marshal upon discharge from inpatient treatment, whether successful or unsuccessful, as directed by the supervising officer, unless otherwise ordered by the Court after a hearing on a motion to modify conditions of bond.

☐ **(v)** proceed directly upon release to the inpatient substance abuse treatment facility in the manner and means directed by the supervising officer.

☒ **(p)** participate in one of the following location restriction programs and comply with its requirements as directed:

☒ **(i) Curfew.** You are restricted to your residence every day (☒) from 7:00 PM to 6:00 AM; or

☐ **(ii) Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; no more than a total of four hours in a calendar week for other activities approved in advance by the supervising officer; or other activities approved in advance by the Court; or

☐ **(iii) Home incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the Court.

☒ **(q)** submit to location monitoring, comply with all of the program requirements and instructions provided, proceed immediately upon release directly to the location selected for electronic monitoring in the manner and means as directed by the pretrial services officer, and remain at that location until the electronic monitoring equipment can be installed.

☒ **(r)** report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

☐ **(s)** comply with all previously imposed conditions of supervised release in this case, which are hereby incorporated as conditions of pretrial release.

☒ **(t)** comply with all orders of protection entered restraining the defendant and/or previously imposed conditions of probation, parole, pre-trial release, or other court-imposed conditions, regardless of what court or agency imposed said conditions.

☐ **(u)** inform any current or future employer, or entity which engages the defendant as an independent contractor, agent, or representative, of the charge or allegation pending in this case by providing such person or entity with a copy of the charging document (Information, Complaint, Indictment, or Petition), and shall allow the supervising officer to either verify that said notification was made or make such notification him/herself if the defendant did not make such notification.

☐ **(v)** not open any lines of credit or take out any loans without the prior permission of the Court.

☐ **(w)** not dissipate any assets without the prior permission of the Court, as defined by liquidating or transferring any real or personal property or transferring or withdrawing any money from accounts held by the defendant unless done so as a bona fide purchase in good faith for goods or services provided at a fair market value.

☐ **(x)** permit the supervising officer to make unannounced inspections of the defendant's residence or place of residence for the purpose of ensuring compliance with the conditions of pretrial release, as well as permit the supervising officer to seize any material discovered during the course of the inspection which the supervising officer believes to be contraband, evidence of a violation of the conditions of pretrial release, or otherwise prohibited from being possessed by the defendant under the conditions of pretrial release.

☐ **(y)** not have physical access to, possess, access, or use, any devices capable of connecting to the Internet; and not access the Internet through any means either directly or indirectly.

☐ **(z)** not knowingly have contact with any person under the age of 18 unless any such contact is approved in advance by the Court, with any such approval including supervision of said contact by a responsible adult who has also been approved in advance by the Court as someone suitable to supervise the contact.

☐ **(aa)** sign the Advice of Penalties and Sanctions and Appearance/Personal Recognizance Bond and return it to the Court as directed by the supervising officer;

☐ **(aa)** sign any releases and/or agreements required by the pretrial services officer which the supervising officer believes necessary to ensure compliance with any of the foregoing conditions of release;

☐ **(bb)** Other: Click or tap here to enter text.

# Advice of Penalties and Sanctions and Appearance/Personal Recognizance Bond

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both. While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive. It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing. If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of: (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more - you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both; (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years -you will be fined not more than $250,000 or imprisoned for not more than five years, or both; (3) any other felony - you will be fined not more than $250,000 or imprisoned not more than two years, or both; (4) a misdemeanor- you will be fined not more than $100,000 or imprisoned not more than one year, or both. A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment and Agreement of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

I agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail to (1) appear for court proceedings; (2) if convicted, to surrender to serve a sentence that the court may impose; or (3) to comply with all conditions set forth in the Order Setting Conditions of Release.

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve sentence.

I, the defendant declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746).

Date: 1/24/22      Signed: s/Samuel Powell
                          *Defendant's Signature*

CLERK OF THE COURT:

Date: 1/24/22     Signed: s/F. Smith
                          *Deputy Clerk's Signature*

s/Jonathan E. Hawley

Approved.
Date 1/24/22:
                   Signature of U.S. Magistrate Judge Jonathan E. Hawley

## Directions to the United States Marshal

(☒) The defendant is ORDERED released after processing.
(☐) The defendant is ORDERED released on December 15, 2021 at 9:00 AM.
(☐) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.
(☐) The defendant is ORDERED released upon notification by the supervising officer, the Clerk of the Court, or the appropriate judge that a placement for residential substance abuse treatment is available, and at the time and under the conditions specified in such notice to the Marshal.

Date: January 24, 2022     Signed:     s/Jonathan E. Hawley
                                       Hon. Jonathan E. Hawley
                                       U.S. Magistrate Judge